IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ADAMS ROBINSON
ENTERPRISES, INC.,

    Plaintiff,

v.

URETEK, ICR MID-ATLANTIC,
INC.,

    Defendant.

Case No. 3:17-cv-178

JUDGE WALTER H. RICE

---

ORDER SUSTAINING DEFENDANT URETEK, ICR MID-ATLANTIC, INC.'S MOTION TO TRANSFER VENUE (DOC. #6); TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA; TERMINATION ENTRY

---

As discussed during the conference call held on September 27, 2017, the United States District Court for the Western District of Virginia, in *Uretek, ICR Mid-Atlantic, Inc. v. Adams Robinson Enterprises, Inc., et al.*, No. 3:16cv00004, recently denied Adams Robinson's motion to strike Uretek's motion to *confirm* the arbitration award, or alternatively to transfer venue to the Southern District of Ohio and stay the proceedings pending resolution of Adams Robinson's Complaint in the above-captioned case. Adams Robinson has asked this Court to *set aside and vacate* the arbitration award and enter judgment in Adams Robinson's favor.

As discussed during the conference call, there is no question that this Court has jurisdiction to adjudicate this claim; the only question is whether the above-

captioned case should be transferred to the Western District of Virginia for purposes of judicial economy and to avoid the risk of inconsistent rulings.

Adams Robinson argues that, because that risk was brought about solely due to Uretek's decision to ignore the venue provision in the parties' contract, Uretek should not be rewarded by transferring the case to its preferred venue. However, as the Western District of Virginia noted in its opinion, the forum selection clause at issue is permissive, not mandatory. Moreover, given that Uretek filed its breach of contract action in the Western District of Virginia long before Adams Robinson filed its Complaint in the Southern District of Ohio, the first-to-file rule favors transferring this case to the Western District of Virginia.

In order to avoid inconsistent rulings and in the interest of justice, the Court SUSTAINS Defendant Uretek, ICR Mid-Atlantic, Inc.'s Motion to Transfer Venue to the United States District Court for the Western District of Virginia. Doc. #6. *See* 28 U.S.C. §1404(a) (allowing a district court to transfer a civil action "to any other district or division where it might have been brought."). There is no dispute that the Western District of Virginia is a proper venue and also has jurisdiction over this matter.

Accordingly, the Clerk is directed to TRANSFER this action to the United States District Court for the Western District of Virginia.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 4, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE